UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF New York STATE:

UNITED STATES DISTRICT COURT FILED DEC 17 2008 RODNEY C. EARLY, CLERK WESTERN DISTRICT OF NY

MR, SHAWN MICHAEL VINCENT    PLAINTIFF,
915 7TH STREET, UPPER APT #2
BUFFALO, NEW YORK, 14213-2111

-VS-    SUMMONS OF COMPLAINT IN A CIVIL

ACTION:

__08__-CV-__6570__ L (Fe)

MR. BRUCE S. YELICH (SUPERINTENDENT)
BARE HILL CORRECTIONAL FACILITY
MR. BRIAN FISCHER (COMMISSIONER)
N.Y.S. DEPT. OF CORRECTIONAL SERVICES, DEFENDANT'S
IN THEIR OFFICIAL AND UNOFFICIAL CAPACITY

1) The plaintiff resides at 915 7th Street Upper Apartment #2 in Buffalo New York 14213-2111 Phone Number is (716) 884-2019.

2) The Defendant Mr. Bruce S. Yelich resides at the Bare Hill Correctional Facility at Caller Box 20, Malone New York, and the Commissioner Mr. Brian Fischer resides at State Office Building Campus Building #2, 1220 Washington Avenue, Albany New York, 12226-2050

3) On September 04, 2000 the plaintiff was arrested for Burglary in the Second Degree by the Dunkirk Police Department. And on September 17, 2001 the plaintiff was sentenced by the Chautauqua County Criminal Court for Attempted Burglary in the second degree and was sentenced by the Chautauqua County Court Judge Mr. John T. Ward to a Five-Year Determinate sentence in the custody of the New York State department of Correctional Services no more no less this is stated in a letter sent to the plaintiff by the Chautauqua County Court Judge Mr. John T. Ward dated June 04, 2008 stating these facts that the plaintiff is stating in his complaint. See (**Exhibit "A"**).

On September 25, 2001 when the plaintiff entered the Elmira Correctional Facility to begin his Five-Years sentence. The New York State Department of Correctional Services deiced to take it upon themselves to add a five-year term of Post-Release Supervision to the sentence and commitment order when the Chautauqua County Court never stated anything about the plaintiff having to serve a term of Post-Release Supervision. The plaintiff was released from Gowanda Correctional Facility on January 14, 2005. To Post-Release Supervision, which the plaintiff was never sentenced to serve to begin with and on October 04, 2005 the plaintiff reached the maximum expiration date of the court imposed sentence. The plaintiff filed a 440.20 Motion to take back his plea and in the Chautauqua County Courts decision dated December 08.2003 denied the motion saying that the post-release supervision was not hidden from the plaintiff and the plaintiff also filed a Writ of Federal Habeas Corpus and was denied on that motion on November of 2007. See **(Exhibit "B & C ")**,

The United States Appellate Division for the Third Department ruled in 2008 that when a person is not aware of all aspects of his plea than his right to due process is violated. And under the 14th Amendment to the United States Constitution see **(Palko v. Connecticut, 302 U.S. 319, 58 S. Ct. 149, 82L. Ed. 288 [1937])** it states any State that denies one of these rights is violating its duty to provide the "equal protection of the laws" guaranteed to the residents of every state by the Fourteenth Amendment. And when the New York State Department of Correctional Services took it upon themselves to continue to hold the plaintiff after the maximum expiration of the five year term that the sentencing court imposed it violated the plaintiff constitutional rights. And should be made to be held accountable for this action. Not only did the New York State Department of Correctional Services violate the Fourteenth Amendment they also violated the 8th Amendment of the United States Constitution as well.

The New York State Department of Correctional Services violated the plaintiff's constitutional rights inasmuch as to go way past Cruel and Unusual Punishment. The Cruel and Unusual Punishment arose from the fact that "D.O.C.S." placed the plaintiff on post-release supervision when they knew in fact that the plaintiff was never sentenced to serve any "PRS" because it was never stated in the sentence and commitment orders sent to the records department in Albany New York. And the fact is that "D.O.C.S." knew this cause the plaintiff fought them every step of the way on the subject by filing a 440.20 motion to

take back his plea deal but by filing a motion in the United States District Court for the Western District of New York. The New York State Department of Correctional Services subjected the plaintiff to not one but two violation hearing and sentenced him to more time than the law allowed this went way beyond the scoop of duties that is outlined in the letter of the law not only did they falsified legal documents the violated the law and the trust of the people and should be made to pay for this gross violation to the United States Constitution but charges should be brought as well.

The plaintiff also file a Supreme Court Writ of Habeas Corpus on March 21, 2008 and on July 23, 2008 the New York State was ordered by the Honorable Mr. S. Peter Feldstein the acting Supreme Court Justice of the Franklin County Supreme Court. But not before one last ditch effort to try and keep the plaintiff incarcerated the framing of the plaintiff by one of the New York State Correctional Officer working for Bare Hill Correctional Facility planted a weapon on the plaintiff while he was out at the rec yard all because the plaintiff was beating the New York State Department of Correction at their own game and they could not understand why an inmate could be allowed to do such a thing so they planted a weapon which they had no finger print or DNA evidence to support such charges see **(Exhibits "D & E" copies of the charges filed by the Sargent and officer who found said weapon)**

Under the 8th Amendment to the United States Constitution it states **(The Eighth Amendment to the U.S. Constitution, ratified in 1791, has three provisions. The Cruel and Unusual Punishment Clause restricts the severity of punishment that state and federal governments may impose upon a persons who have been convicted of a criminal offense. The Excessive punishments or prolonged punishments that were not imposed by a Judge)**. Not only did this happen it was allowed to continued to happen over a span of three years to the extent that not only was plaintiff's United States Constitutional rights violated but his Federal Constitutional right were violated as well. Under the Federal Constitutional Rights it is stated **( That only a Judgment of the Court has the powers to constrain a person liberties no other has that such power has the authorities to do so)**.

So the Court can see how the plaintiff's rights that are guaranteed to him under the **United States Constitution** were violated by every single standard of the word. The constitution of the United

States was put in place to guard against this kind of gross abuse of power. That's why the plaintiff will be supplying the Court with the final piece of documentation to support his claims that his constitutional amendment rights were violated and that is the Franklin County Supreme Court Decision that was entered by the Chief Clerk of the Court on July 23, 2008 see copies of that decision as plaintiff's **(Exhibit One)**. And a copy of the Discharge Certificate signed by the Deputy Superintendent of Administrations for Bare Hill Correctional Facility Ms. D. Kemp Dated July 23, 2008 also. Plaintiff's **(Exhibit Two)**.

The plaintiff is seeking damages by a Jury Trial in the amount of $ 5.7 Million Dollars because not only did the plaintiff lose everything he ever owned but he lost something he could never get back and that is his father who passed away while he was on his first violation of post-release supervision he should have never had to serve including any money he would have been paid if he still had his job. And the most important part never getting back the Three Years and Three Months that was unlawfully taken away from him by the Defendant's in this case.

**WHEREFORE: the plaintiff is asking that this Court grant the judgment that he is seeking and whatever the Court may deem just and proper in the above entitled action.**

DATED: Dec 17, 2008

_Shawn M Vincent_

Mr. Shawn Michael Vincent        "Plaintiff"
Attorney Pro Se for Self
915 7th Street, Upper Apt. #2
Buffalo, New York, 14213-2111
Phone No: (716) 884-2019

**Sworn To Me before This**

_____Day Of_____, 2008

_____
                                                          **Notary Public**

**UNITIED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NEW YORK STATE:**

Shawn Michael Vincent

**MOTION TO PROCEED IN FORMA PAUPERIS**

**AND SUPPORTING AFFIRMATION**

-Against-

_____ - CV- _____

**MR. BRUCE S. YELICH (SUPERINTENDENT)
Mr. Brian Fischer (Commissioner)
In their official and unofficial capacity, Defendant's**

I, Shawn Michael Vincent am the plaintiff/ petitioner in the above entitled case and hereby request the Court's permission to precede in the *forma pauperis*.

In support of my motion to proceed without being required to repay fees, costs, or give security therefore, I state that because of my poverty I am unable to pay the costs or to give security therefore and that I believe I am entitled to redress.

**I further declare that the responses which I have made in this affirmation below are true.**

1. Are your presently employed? NO

My Gross Monthly Wages are: $ NA

If you are not presently employed state

Your Last Date of Employment: November 18, 2008

Your Gross Monthly Wages at that time: $182. (Hundred eighty-two dollars)

Is your spouse presently employed? NA

2. Have received **any money** from any of the following sources within the past twelve months:
   a. Business, profession or self-employment? NO
   b. Rent payments, interest, or dividends? NO
   c. Pensions, annuities, disabilities, or life insurance payments? NO
   d. Gifts or inheritances? NO
   e. Child Support? NO
   f. Government Benefits? YES
      Social Security Disability $888. (Eight hundred eighty-eight dollars) Monthly

3. What is your total gross monthly income today: $883 (Eight hundred and eighty-three dollars)

4. How much **cash** do you have on hand? NONE

5. How much money do you have in a **checking accounts(s)** NO ACCOUNTS

6. How much money do you have in a **savings account(s)** NO ACCOUNTS

7. If you are an inmate of a correctional facility, state the amount of funds in your inmate account NA

8. Do you own any real state, stocks, bonds, notes, automobiles or other valuable property (excluding ordinary household furnishings and clothing)? NO

9. If you are not an inmate, state your **total monthly household expenses:**

   a. Rent or mortgage: $175 (One hundred seventy-five dollars) Rent
   b. Food: Food-stamps
   c. Utilities: Gas: $98 (Ninety-eight dollars)
      Electric: $112.80 (One hundred and twelve dollars, eighty cents)
      Phone: $98.50 (Ninety-eight dollars and fifty cents)
      Cable $112.50 (One hundred and twelve dollars and fifty cents)

10. List **all** of the people who are in your household and state the amount of money each one contributes to household expenses each month:

11. List the persons who are depend upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support. NA

12. Have you been adjudicated bankrupt within the past ten (10) years?

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on __Dec 17, 2008__    __Shaun M Vincent__
      (Date)                         (Applicant's Signature)

STATE OF NEW YORK
SUPREME COURT                    COUNTY OF FRANKLIN
_____X

In the Matter of the Application of
**SHAWN VINCENT, #01-B-2125,**
                       Petitioner,

For a Judgment Pursuant to Article 70    **DECISION AND JUDGMENT**
Of the Civil Practice Law and Rules      RJI #16-1-2008-0132.027
                                         INDEX # 2008-0425
     -against-                          ORI # NY016015J

                                         FILED
**BRUCE YELICH,** Superintendent,
Bare Hill Correctional Facility,         JUL 24 2008
                    Respondent.
                                         FRANKLIN COUNTY
_____CLERK'S OFFICE__X

      This is a habeas corpus proceeding that was originated by the Petition for Writ of Habeas Corpus of Shawn Vincent, verified on March 19, 2008, and stamped as filed in the Franklin County Clerk's office on March 21, 2008. Petitioner, who is an inmate at the Bare Hill Correctional Facility, is challenging his continued incarceration in the custody of the New York State Department of Correctional Services. The Court issued an Order to Show Cause on April 2, 2008, and an Amended Order to Show Cause on May 15, 2008. The Court has received and reviewed respondent's Return, dated June 6, 2008, as well as petitioner's Reply thereto, filed in the Franklin County Clerk's Office on June 13, 2008.

      On September 17, 2001, the petitioner was sentenced in Chautauqua County Court, as a second violent felony offender, to a determinate term of imprisonment of 5 years upon his conviction of the crime of Burglary 2°. Burglary 2° is a class C violent felony offense under the provisions of Penal Law §70.02(1)(b). Neither the sentence and commitment order nor the sentencing minutes makes reference to any period of post-release supervision (Penal Law §70.45). DOCS nevertheless computed petitioner's sentence as including a five-year period of post-release supervision. The petitioner was conditionally

released from DOCS custody to post-release supervision on March 21, 2007. The petitioner's post-release supervision, however, was revoked following a final parole revocation hearing concluded on June 26, 2007. A delinquency date of March 27, 2007, was sustained and a 24-month delinquent time assessment imposed. The petitioner was returned to DOCS custody as a post-release supervision violator on July 10, 2007. This proceeding ensued.

The petitioner asserts that DOCS lacked authority to impose any period of post-release supervision inasmuch as the sentencing court failed to do so. This Court agrees. See *Garner v. New York State Department of Correctional Services*, 10 NY3d 358, *People v. Sparber*, 10 NY3d 457 and *Smiley v. Department of Correctional Services*, 859 NYS2d 502. Notwithstanding the foregoing, in paragraph 12 in his Return, "[r]espondent respectfully contends that sustaining the writ and releasing Petitioner would be equivalent to relieving him of the PRS [post-release supervision] that was required to be part of his sentence by Penal Law §70.45, in violation of *People v. Sparber* [10 NY3d 457], and may effectively preclude the sole remedy of vacatur of the sentence and a remittal for a resentencing hearing."

*Sparber* involved five defendants who had all been convicted of violent felonies following pleas or jury verdicts. Although each of the *Sparber* defendants was sentenced to a determinate term of imprisonment, the sentencing judge in each case failed to mention post-release supervision (Penal Law §70.45) at sentencing. DOCS officials nevertheless computed each of the *Sparber* defendants' sentences as including a period of post-release supervision.

After noting that the imposition of some period of post-release supervision was mandated by statute (Penal Law §§70.00(6) and 70.45(1)), the *Sparber* court went on to find that "... the procedure by which these sentences were imposed was flawed because the PRS component was not 'pronounced' as required by CPL 380.20 and 380.40." 10 NY3d 457, 469-470. The *Sparber* court also found, however, that "[t]he sole remedy for a procedural error such as this is to vacate the sentence and remit for a resentencing hearing so that the trial judge can make the required pronouncement." *Id.* at 471. (citation omitted). Accordingly, the underlying orders of the Appellate Division, First Department, affirming the various defendants' convictions and sentences were modified by the Court of Appeals by remitting to the appropriate sentencing courts for re-sentencing, to include the proper pronouncement of the appropriate period of post-release supervision and, as so modified, affirmed.

Relying on *Sparber* the respondent urges this Court to dismiss petitioner's habeas corpus proceeding and transfer this matter to the Chautauqua County Court for re-sentencing, or, in the alternative, if the writ is sustained, to nevertheless refer this matter to the sentencing court.

This Court finds no basis to deny petitioner the habeas corpus relief he seeks. In this regard it is noted that the five *Sparber* defendants were sentenced, none earlier than 2002, to determinate terms of imprisonment ranging from 14 to 25 years. It is apparent that none of the *Sparber* defendants had completed serving their determinate terms of imprisonment and, therefore, even in the absence any lawfully imposed periods of post-release supervision, were not entitled to immediate release from DOCS custody. The petitioner in the case at bar, on the other hand, has completed serving the 5 year

determinate term imposed in 2001 and thus is currently incarcerated in DOCS custody based exclusively upon a purported violation of the post-release supervision unlawfully imposed, administratively, by DOCS officials. CPLR §7010(a) provides that if the court in a habeas corpus proceeding finds that the petitioner is illegally detained, "...a final judgment shall be directed discharging him forthwith." In addition, the Appellate Divisions in the First, Second and Fourth Departments have all issued post-*Garner/Sparber* decisions sustaining habeas corpus relief with respect to inmates in situations analogous to that of the petitioner in this case. *See People ex rel Lewis v. Warden*, 51 AD3d 512, *People ex rel Gerard v. Kralik*, 51 AD3d 1045 and *People ex rel Foote v. Piscotti*, 51 AD3d 1407. The Third Department has yet to consider a post-*Garner/Sparber* habeas corpus proceeding. Accordingly, this Court finds that the petitioner in the case at bar is entitled to habeas corpus relief.

As far as any referral to the Chautauqua County Court for re-sentencing is concerned, it is noted that the Court of Appeals in *Sparber* considered defendants' direct appeals from orders of the Appellate Division, First Department, affirming their underlying convictions and sentences. As such, the Court of Appeals was specifically authorized by statute to modify the intermediate appellate court orders (*see* Criminal Procedure Law §470.35(3)) and to direct the sentencing courts to take corrective action. *See* Criminal Procedure Law §§ 470.40(1) and 470.20. In this proceeding, however, where the legality of petitioner's continued incarceration in DOCS custody is at issue, the Court is without specific statutory authority to refer the matter at hand to a coordinate level court for corrective action. The suggestion of the respondent to the contrary

notwithstanding, this Court infers no such authority from the provisions of CPLR §103(c) and/or 104.

The petitioner in *Garner v. New York State Department of Correctional Services*, 10 NY3d 358, like the defendants in *Sparber* and the petitioner in the case at bar, was sentenced to a determinate term of imprisonment but the sentencing court failed to impose the statutorily mandated period of post-release supervision. The period of post-release supervision, however, was administratively imposed by DOCS officials. After a period of time the *Garner* petitioner, like the petitioner in the case at bar, was conditionally released to post-release supervision but later returned to DOCS custody as a post-release supervision violator. Mr. Garner commenced a CPLR Article 78 proceeding challenging DOCS's authority to administratively add the period of post-release supervision to his sentence. The denial of Mr. Garner's petition was affirmed by the Appellate Division, Third Department, which found that "[a]s respondents [including DOCS] are only enforcing, not imposing, a part of petitioner's sentence which was automatically included by statute, they have not performed any judicial function, making prohibition an unavailable remedy." 39 AD2d 1019. The Court of Appeals reversed the Third Department in *Garner* on the same day it decided *Sparber*. According to the Court of Appeals in *Garner*, "[a]s we explained today in . . . *Sparber* . . . the combined command of CPL 380.20 and 380.40 is that the sentencing judge - and only the sentencing judge - is authorized to pronounce the PRS component of a defendant's sentence . . . [P]etitioner is clearly entitled to the relief that he seeks because DOCS's imposition of the PRS term contravenes the CPL's express mandate that sentencing is a judicial function and, as such, lies beyond DOCS's limited jurisdiction over inmates and correctional institutions . . ."

10 NY3d 358, 362 (citation omitted). It is instructive to note that the Court of Appeals in *Garner*, which was not exercising direct appellate jurisdiction with respect to Mr. Garner's underlying sentence and conviction, merely prohibited DOCS from imposing the period of post-release supervision but did not purport to refer the matter to Mr. Garner's sentencing court. Instead, the Court of Appeals in *Garner* stated in the footnote that its holding was "...without prejudice to any ability that either the People or DOCS may have to seek the appropriate resentencing of a defendant in the proper forum." *Id.* at 363 (citation omitted). Accordingly, while this Court rejects respondent's suggestion that it refer this matter to the Chautauqua County Court, this Decision and Judgment is rendered without prejudice to any ability that either the People or DOCS may have to seek the appropriate re-sentencing of the petitioner in the proper forum. *See Id.*

Based upon all of the above, it is, therefore, the decision of the Court and it is hereby

**ADJUDGED**, that the petition is granted, without costs or disbursements, and, pursuant to CPLR §7010(a), it is directed that petitioner be immediately discharged from DOCS custody without prejudice to any ability that either the People or DOCS may have to seek his appropriate re-sentencing in the proper forum.

**DATED:** July 23, 2008, at Indian Lake, New York

_____
S. Peter Feldstein
Acting Supreme Court Judge

STATE OF NEW YORK  s.s.
FRANKLIN COUNTY CLERK'S OFFICE
I do hereby certify that I have compared the foregoing copy with the original thereof and that same is a true copy of said original. File recorded in this office on _July 24, 2008_

_____ Acting Chief Clerk
8/7/08

6 of 6 / Shawn Vincent

| | |
|---|---|
| STATE OF NEW YORK | COUNTY OF FRANKLIN |
| LOCAL CRIMINAL COURT | TOWN OF MALONE |

THE PEOPLE OF THE STATE OF NEW YORK

-VS-

SHAWN M. VINCENT

Date of Birth 05/25/72

Defendant(s)

**[FELONY COMPLAINT]**

**ACCUSATION**

BE IT KNOWN THAT, by this [ **FELONY COMPLAINT** ], Investigator David H. Hart, as the Complainant herein, [stationed] [residing] at SP Malone BCI, accusess SHAWN M. VINCENT, the above mentioned Defendant(s), with having committed the [ **FELONY** ] of PROMOTING PRISON CONTRABAND 1ST, in violation of Section 205.25, Subdivision 2 of the PENAL Law of the State of New York.

That on or about the 19th day of July, 2008, at about 5:25 pm in the TOWN of MALONE, County of FRANKLIN, the defendant(s) did intentionally, knowingly and unlawfully commit the FELONY of PROMOTING PRISON CONTRABAND IN THE 1ST DEGREE. A person is guilty of promoting prison contraband in the first degree when being a person confined in a detention facility, he knowingly and unlawfully, makes, obtains or possesses any dangerous contraband. TO WIT: on the aforementioned time, date and place said defendant did possess a flat piece of metal approximately 5 inches in length and sharpened to a point on one end, while incarcerated at Bare Hill Correctional Facility, 181 Brand Road, Malone, New York.

**FACTS**

The above allegations of fact are made by the Complainant herein on direct knowledge and/or upon information and belief, with the sources of Complainant's information and the grounds for belief being the facts contained in the attached information of: Correctional Officer AARON AVERY and the New York State Department of Correctional Services

--OR--

**NOTICE**

In a written instrument, any person who knowingly makes a false statement which such person does not believe to be true has committed a crime under the laws of the State of New York punishable as a Class A Misdemeanor. **(PL 210.45)**

Affirmed under penalty of perjury
this 31st day of July, 2008

--OR--

Subscribed and Sworn to before me
this _____ day of _____,

COMPLAINANT - Investigator David H. Hart

[ ] - STRIKE OUT/DELETE ANY WORDS THAT DO NOT APPLY

STATE OF NEW YORK                                     COUNTY OF FRANKLIN
LOCAL CRIMINAL _____ COURT                           TOWN _____ OF MALONE

THE PEOPLE OF THE STATE OF NEW YORK                   **[FELONY COMPLAINT]**

--VS--                          Date of Birth
SHAWN M. VINCENT                05/25/72

                                Defendant(s)

BE IT KNOWN THAT, by this [ **FELONY COMPLAINT** ], Investigator David H. Hart
as the Complainant herein, [stationed] [~~residing~~] at SP Malone BCI
accusess SHAWN M. VINCENT
the above mentioned Defendant(s), with having committed the [ **D-FELONY** ]
of CRIMINAL POSSESSION OF A WEAPON    3RD , in violation of Section 265.02
Subdivision ___1___ of the PENAL              Law of the State of New York.

That on or about the __19th__ day of __July__, __2008__, at about __5:25 PM__ in the
TOWN of MALONE, County of FRANKLIN, the
defendant(s) did intentionally, knowingly and unlawfully commit the FELONY of CRIMINAL POSSESSION OF A WEAPON IN THE 3RD DEGREE. A person is guilty of criminal possession of a weapon in the third degree when he commits the crime of criminal possession of a weapon in the fourth degree as defined in subdivision one, two, three or five of section 265.01 and has been previously convicted of any crime. TO WIT: on the aforementioned time, date and place said defendant did possess a sharpened piece of metal, approximately 5 inches in length while confined as an inmate at Bare Hill Correctional Facility, 181 Brand Road, Malone, New York and having been convicted of the Felony of Attempted Burglary in the Second Degree on July 24, 2001.

The above allegations of fact are made by the Complainant herein [on direct knowledge and/or upon information and belief, with the sources of Complainant's information and the grounds for belief being the facts contained in the attached information of AARON AVERY and the New York State Department of Correctional Services.

--OR--

In a written instrument, any person who knowingly makes a false statement which such person does not believe to be true has committed a crime under the laws of the State of New York punishable as a Class A Misdemeanor. **(PL 210.45)**

Affirmed under penalty of perjury
this __31st__ day of __July__, __2008__

--OR--                                                COMPLAINANT - Investigator David H. Hart

Subscribed and Sworn to before me
this _____ day of _____,

[ ] - STRIKE OUT/DELETE ANY WORDS THAT DO NOT APPLY



**Hon. John T. Ward**
*County Court Judge*
*Chautauqua County*

County Court Chambers
Chautauqua County Courthouse
1 North Erie Street
P.O. Box 392
Mayville, New York 14757-0292

Fax: (716) 753-4162

June 4, 2008

Paul H. Andrews, Esq.
Principal Law Clerk
(716) 753-4671

Antoinette M. Owens
Secretary
(716) 753-4188

Mr. Shawn M. Vincent #01-B-2125
Bare Hill Correctional Facility
Caller Box 20
181 Brand Road
Malone, NY  12953-0020

Re:  Post-Release Supervision

Dear Mr. Vincent:

    This will confirm that on September 17, 2001, I sentenced you to a determinate term of five (5) years imprisonment on a charge of Attempted Burglary as a Second Violent Felony offender.

    Our records confirm that I did not impose a period of post-release supervision as required by law.

    I hope this letter assists you in your efforts.

Yours very truly,

John T. Ward
County Court Judge

JTW/ao

STATE OF NEW YORK
DEPARTMENT OF CORRECTIONAL SERVICES
BARE HILL CORRECTIONAL FACILITY
181 Brand Road, Caller Box 20
MALONE, NEW YORK 12953
(518) 483-8411

Brian Fischer
Commissioner

Bruce S. Yelich
Superintendent

## CERTIFICATE OF DISCHARGE

This is to certify that inmate **Vincent, Shawn   DIN: 01B2125**

was discharged from this institution this day **July 31, 2008**

by maximum expiration of sentence.

_____
Superintendent



STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ANDREW M. CUOMO
Attorney General

REGIONAL OFFICE DIVISION
Plattsburgh Regional Office

July 29, 2008

Mr. Shawn Vincent
No. 01-B-2125
Bare Hill Correctional Facility
Caller Box 20, Cady Rd.
Malone, NY 12953

RE:   Matter of Shawn Vincent v. Yelich
      Franklin County Index No. 2008-0425
      RJI No. 16-1-2008-0132.027

Dear Mr. Vincent:

   Enclosed please find a copy of the Decision and Judgment in the above-referenced matter dated July 23, 2008, and filed and entered in the office of the Clerk of Franklin County on July 24, 2008.

                                         Sincerely,

                                         Robert C. Glennon
                                         Robert C. Glennon
                                         Assistant Attorney General
                                         in Charge

cc:   Terrence X. Tracy, Esq.
      Craig Mausler, Esq.
         Division of Parole
      Richard DeSimone, Esq.
      Mr. Bruce Yelich
         Superintendent, Bare Hill Correctional Facility

Enclosure

RCG/kt

(Exhibit "B")