UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SHAWN MICHAEL VINCENT,

                                    Plaintiff,                    DECISION AND ORDER

                                                                  08-CV-6570L

                    v.


SUPERINTENDENT BRUCE S. YELICH, et al.,

                                    Defendants.
_____


Plaintiff Shawn Michael Vincent ("Vincent") brought this action pursuant to 42 U.S.C. §1983 ("Section 1983"), seeking compensation from defendant Anthony J. Annucci, former Counsel and later Executive Deputy Commissioner and Counsel for the New York State Department of Correctional Services ("DOCS"), for Annucci's role in the unconstitutional administrative imposition and enforcement of post release supervision ("PRS") on plaintiff.

Familiarity with the lengthy factual and procedural history of this matter is presumed. On September 15, 2020, this Court granted a motion for summary judgment by plaintiff, finding Annucci liable for the violation of plaintiff's Constitutional rights to due process and freedom from unlawful imprisonment, and denying a motion by Annucci seeking entitlement to qualified immunity and/or limiting plaintiff to nominal damages.[1]  (Dkt. #56).

_____

[1] Annucci's submissions on the issue of damages again attempt to raise the specter of nominal damages. It is undisputed that plaintiff was never resentenced to cure the constitutional defect in his administratively-imposed PRS, and the Court has already found that even if resentencing had occurred, the resentencing court would not have been required to include PRS in plaintiff's sentence. Having previously decided that Annucci's "no harm, no foul" argument is without merit and that plaintiff is *not* limited to nominal damages (Dkt. #56), the Court will not entertain Annucci's arguments on the issue anew.

On November 24, 2020, the Court held an inquest hearing on the issue of damages, at which plaintiff appeared via telephone and testified. In considering the appropriate amount of damages, the Court has weighed plaintiff's testimony, as well as the parties' written submissions.

A successful plaintiff in a Section 1983 action is entitled to compensatory damages, where properly pleaded and proved. Damages intended to compensate for a period of imprisonment are generally comprised of two types: those associated with pain, physical injury, mental suffering, etc., and those related to the loss of liberty.   In determining damages in the first category, courts generally consider lost wages and other economic damages, in addition to emotional distress, mental anguish, and pain and suffering. In fixing damages intended to compensate for the deprivation of liberty, the Second Circuit has noted that an award of thousands of dollars is appropriate for even short periods of confinement. *See Kerman v. City of New York*, 374 F.3d 93, 125 (2d Cir. 2004).

"The case law on damages is limited and the purview of the awards is not formulaic." *Henry v. State of New York*, UID No. 2018-032-006 (N.Y. Ct. Cl. March 19, 2018)(slip op.). As such, the determination of damages arising from unconstitutionally prolonged incarceration "is ordinarily 'left to a [factfinder's] common sense and judgment in light of its common knowledge and experience and with due regard to the evidence presented.'" *Id*. (quoting *Sanabria v. State of New York*, 29 Misc. 3d 988, 995 (N.Y. Ct. Cl. 2010)). Where, as here, the plaintiff was already familiar with the conditions of imprisonment due to previous incarceration, another "factor the Court may consider in evaluating mental anguish is the previous incarceration of the claimant." *Id*.

An overview of state and federal awards in comparable cases in this Circuit – that is, in matters involving inmates for whom incarceration was unlawfully extended – suggests a broad range of potential damages. *See Earley v. Annucci*, 2018 U.S. Dist. LEXIS 194809 (N.D.N.Y.

2018) (awarding $150,000 for 202 days of unlawful incarceration based on plaintiff's testimony concerning both the time served and "aggravating circumstances" including missing family funerals and injuries suffered while incarcerated), *rev'd and remanded on other grounds*, 810 Fed. Appx. 60 (2d Cir. 2020); *Henry*, UID No. 2018-032-006 (N.Y. Ct. Cl. 2018) (after trial on damages at which plaintiff was the sole witness, awarding $150,000 for 512 days of unlawful confinement past aggregate maximum term); *Crews v. County of Nassau*, 149 F.Supp.3d 287 (E.D.N.Y. 2015)(jury's verdict awarding $175,000 for 125 days of wrongful incarceration was not unreasonable in light of plaintiff's testimony concerning the conditions of his confinement and its emotional impact on him); *Miller v. State of New York*, 9 N.Y.S.3d 594 (N.Y. Ct. Cl. 2013) (awarding $35,000 for 23 days of wrongful confinement, following a damages trial at which plaintiff testified that his wrongful confinement led to, among other things, a resurgence of post-traumatic stress disorder symptoms and eviction from his apartment), *aff'd*, 124 A.D.3d 997 (N.Y. App. Div. 3d Dep't 2015).

Nonetheless, while the "average award based on length of detention[] may be an important factor in determining damages," imposition of a "mechanical calculation" is to be avoided: "courts do not analyze damages awards by assigning a dollar value to a unit of time [but instead] review awards by considering all of the relevant circumstances." *Crews*, 149 F.Supp.3d 287 at 298.

Plaintiff's testimony and his previously-submitted affidavit testify to the high degree of anger, frustration and depression he experienced during his incarceration for PRS violations (1,015 days total, 686 of which post-dated *Earley II*), due to his belief that PRS had been wrongfully imposed upon him, in violation of both his plea agreement and his right to due process. (Dkt. #51-2). Plaintiff's anguish was exacerbated by his conviction that his sentences for violating PRS were grossly disproportionate to the seemingly trivial violations that occasioned them: he

served 523 days for possession of a credit card, and was later sentenced to 2 years for failing to report an address change to his parole officer. Plaintiff further notes that during his prolonged incarceration, he witnessed multiple traumatic assaults (although he was not attacked himself), was denied requests to see a mental health counselor, and was denied permission to attend his father's funeral. Furthermore, delays by DOCS facilities in administering necessary dental care to plaintiff during his incarceration caused him pain and discomfort, and ultimately led to the total loss of the majority of plaintiff's teeth, including all of his upper teeth.

Annucci does not dispute Vincent's testimony.

In considering appropriate damages for Vincent's 686 days of incarceration after *Earley II*, the Court is mindful that even had Annucci acted immediately to attempt to rectify the constitutional violation after the Second Circuit's August 31, 2006 decision in *Earley II*, such action would have required some additional time. In *Hassell*, the Second Circuit affirmed a finding by a district court that if Annucci had, for example, filed a motion seeking resentencing of a defendant on whom PRS was administratively imposed "within 45 days," and if the state court had undertaken resentencing within 45 days, the combined 90-day delay would have been objectively reasonable. *See Hassell v. Fischer*, 879 F.3d 41, 47 (2d Cir. 2018)(affirming district court's finding that it was appropriate to reduce the period of unconstitutional incarceration under consideration by 90 days, for purposes of calculating damages).

I concur that 90 days would have been an objectively reasonable time for Annucci to act to cure the constitutional violation against plaintiff. As such, I find that the number of days during which Vincent was unconstitutionally deprived of liberty, after Annucci's objectively reasonable time to act on *Earley II* had expired, is no less than 596 days.

Upon consideration of Vincent's submissions and testimony, with an eye toward the range of awards reported in similar cases where an inmate's incarceration was unlawfully prolonged, and with due consideration to the conditions of Vincent's incarceration, the mental and physical harm associated therewith, the length of time by which Vincent's sentence was ultimately extended as a result of the unconstitutional administrative imposition of PRS upon him, and Vincent's familiarity with the conditions of incarceration due to previous imprisonment[2] – I find that an award of compensatory damages in the amount of $175,000.00 is appropriate. This amount is awarded to compensate plaintiff for his loss of liberty, and for the pain and suffering and mental anguish associated with that detention.

## CONCLUSION

For the foregoing reasons, plaintiff is hereby awarded compensatory damages against Annucci in the amount of $175,000.00. Judgment shall be entered accordingly.

As a prevailing party, plaintiff is entitled to an award of reasonable attorneys' fees. *See* 42 U.S.C. §1988(b). In the event the parties cannot agree on the amount of reasonable attorneys' fees, plaintiff's counsel shall file an application for the same with the Court within thirty (30) days of entry of this Decision and Order.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      December 4, 2020.

---

[2] It is undisputed that prior to the periods of incarceration and PRS at issue here – which arose from a lawful sentence that was unconstitutionally extended, rather than unconstitutionally imposed – Vincent served a term of imprisonment of several months on a previous criminal conviction unrelated to this matter.